Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 6972 | DATE | 10/9/2001 |
| CASE TITLE | Beverly Rauen vs. United States Tobacco | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Supplement to Memorandum Opinion and Order. Nothing in Plaintiff's Fed. R. Civ. P. ("Rule") 59(e) motion calls for alteration or amendment of the September 20, 2001 judgment. Hence the motion is denied summarily.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | number of notices |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | | OCT 10 2001 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | docketing deputy initials |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | FOR DOCKETING 01 OCT -9 PM 4:51 | 10/9/2001 date mailed notice |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials |

Document Number: 60

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
**OCT 1 0 2001**

BEVERLY J. RAUEN,                )
                                 )
            Plaintiff,           )
                                 )
    v.                           )    No.  99 C 6972
                                 )
UNITED STATES TOBACCO            )
MANUFACTURING LIMITED PARTNERSHIP, )
                                 )
            Defendant.           )

<u>SUPPLEMENT TO MEMORANDUM OPINION AND ORDER</u>

This Court's September 19, 2001 memorandum opinion and order ("Opinion") dealt at length and in appropriate detail with the three employment-related claims advanced by Beverly Rauen ("Rauen") against United States Tobacco Manufacturing Limited Partnership by dismissing both of Rauen's federally-based claims with prejudice and dismissing her state-based claim without prejudice. In part the Opinion was critical of Rauen's counsel for his handling (or mishandling) of the procedure spelled out in this District Court's LR 56.1 (see Opinion 4 n.5 and Opinion 16 n.12 and the related text), but that criticism in no way caused this Court to give Rauen improperly short shrift in considering her claims--instead the problem was that the consideration of those claims simply required more work on this Court's part than would have been the case if her counsel had paid strict attention to the requirements of LR 56.1.

Now, however, Rauen's counsel has filed a timely Fed. R. Civ. P. ("Rule") 59(e) motion to alter or amend the judgment that

the Opinion had ordered entered.[1] Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) has succinctly identified the burden faced by someone in Rauen's position on that score:

> To prevail on a motion for reconsideration under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact.

This time Rauen does deserve only short shrift in those terms, and this supplement to the Opinion will explain why.

This Court has long applied the doctrine that emphasizes the extremely limited role that is played by motions to reconsider filed by losers in summary judgment proceedings (see, e.g., its opinion in Keene Corp. v. Int'l Fidelity Ins. Co., 561 F.Supp. 656, 665-66 (N.D. Ill. 1982)). Some years after Keene, in Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988), this Court rejected a like effort in these pungent terms:

> Despite what Gulfco appears to think, this Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure. Motions such as this reflect a fundamental misunderstanding of the limited appropriateness of motions for reconsideration.[2]

---

[1] Because the judgment was docketed on September 21 (the day after issuance of the Opinion), while Rauen's current motion was filed on October 5, the motion came in just under the wire for timeliness (given the interaction between Rules 59(e) and 6(a)).

[2] [Footnote by this Court] Both that view and the way in which it was expressed have obviously struck a responsive chord with other District Judges, both in this District and elsewhere, who have paid the compliment of quoting from Quaker Alloy and

2

And our Court of Appeals too has long adhered to that selfsame doctrine: see its opinion in Keene, 736 F.2d 388, 393 (7th Cir. 1984), not only affirming but expressly adopting this Court's statement on the subject.

Following that express adoption of Keene, our Court of Appeals has repeatedly quoted its language in applying the identical principle--see, e.g., such cases as Publishers Resource, Inc. v. Walker-Davis Publ'ng, Inc., 762 F.2d 557, 561 (7th Cir. 1985); Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987); Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996). And that principle extends both to the inappropriateness of the Rule 56 loser's effort "to introduce new evidence that could have been adduced during the pendency of the summary judgment motion" (Keene, 561 F.Supp. at 665, quoted and expanded upon in Caisse Nationale, 90 F.3d at 1269)[3] and to the loser's first-time effort to tender new legal theories (Keene, 561 F.Supp. at 666, quoted in Publishers Resource, 762 F.2d at 561 and, in turn, in such cases as Manor Healthcare Corp. v. Guzzo, 894 F.2d 919, 922 n.4

---

applying the same concept--indeed, a current Westlaw search has turned up no fewer than 137 opinions that have done so.

[3] Thus Oto, 224 F.3d at 606 has more recently cited Caisse Nationale for this flat-out proposition:

> A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier.

3

(7th Cir. 1990)).

There are of course powerful policy considerations, not just technical rules, that support such a consistently applied doctrine. Because a Rule 56 motion (unlike, say, a Rule 12(b)(6) motion) is really the equivalent of a trial--but one in which the movant asserts that there are no genuine issues of material fact that require a decision in factual terms--the loser should no more be entitled to adduce new facts or legal theories that were readily available earlier than a loser at trial can do so after the case is over and the verdict is in. That concept has been succinctly summarized by our Court of Appeals in Caisse Nationale, 90 F.3d at 1270, quoting another of this Court's opinions (the next-cited Employers Ins. of Wausau case):

> A party seeking to defeat a motion for summary judgment is required to "wheel out all its artillery to defeat it." Employers Ins. of Wausau v. Bodi-Wachs Aviation Ins. Agency, 846 F.Supp. 677, 685 (N.D. Ill. 1994); Ryan v. Chromalloy Am. Corp., 877 F.2d 598, 603-04 (7th Cir. 1989).

Yet Rauen's counsel blithely attempts to sail into the teeth of that gale of universal precedent, candidly seeking this post-judgment relief (Motion 2):

    1) plaintiff presents new evidence in support of her ADA claim;

    2) plaintiff presents clarification for the court of her use of exhibits and affidavits in support of her Title VII claim; and

    3) plaintiff presents new evidence which supports a claim for retaliatory discharge and for which

4

> plaintiff requests *instanter* leave to file her second
> amended complaint alleging the same.

This Court will do nothing of the sort. It adheres instead to the careful explanation and analysis already set out in the Opinion--and as for Rauen's attempt to proffer a second amended complaint to advance such new evidence, that flies in the face of the established principle that the generous standard for granting leave to amend set out in Rule 15(a)(miscited at Rauen's Motion 10 as Rule 15(b)) does not apply after the party seeking amendment has been ruled against on a summary judgment motion--see, e.g., Illinois Conference of Teamsters & Employers Welfare Fund v. Steve Gilbert Trucking, 71 F.3d 1361, 1368 (7th Cir. 1995):

> It is well established that the presumption that leave
> to amend shall be freely given pursuant to Rule 15(a)
> disappears after the entry of judgment.

Nothing in Rauen's current Motion thus calls for alteration or amendment of the September 20, 2001 judgment. Hence the motion is denied summarily.

/s/ Milton I. Shadur
Milton I. Shadur
Senior United States District Judge

Date: October 9, 2001